USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/24/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
CARO CAPITAL, LLC, CARO PARTNERS, LLC, :
JUPITER WELLNESS, INC., BRIAN JOHN, and :
RICHARD MILLER, :
: 20-cv-6153 (LJL)
Plaintiffs, :
: ORDER
-v- :
:
ROBERT KOCH, BEDFORD INVESTMENT :
PARTNERS, LLC, KAIZEN ADVISORS LLC, and :
JOHN DOES 1-10, :
:
Defendants. :
:
------------------------------------------------------------------X

Defendants-Counterclaim-Plaintiffs Robert Koch, Bedford Investment Partners, LLC, Kaizen Advisors LLC and John Does 1-10 (the "Bedford Parties") move, pursuant to Federal Rule of Civil Procedure 60(a), for reconsideration of the Court's Order and Opinion, Dkt. No. 53, insofar as the Order and Opinion did not address their claim for unjust enrichment. The motion is granted.

## DISCUSSION

The Bedford Parties filed a counterclaim in this case against Plaintiffs-Counterclaim-Defendants Caro Capital, LLC, Caro Partners, LLC, Jupiter Wellness, Inc., Brian John, and Richard Miller (the "Caro Parties"), asserting six claims for relief: breach of contract ("Count One"), unjust enrichment ("Count Two"), fraudulent inducement ("Count Three"), breach of fiduciary duty ("Count Four"), accounting ("Count Five"), and defamation ("Count Six"). Dkt. No. 13. By Order and Opinion dated April 23, 2021, the Court dismissed Count One without prejudice to Defendants filing a renewed counterclaim, and dismissed Counts Three, Four, Five,

and Six with prejudice. Dkt. No. 53. The Court did not discuss or address Count Two for unjust enrichment, but at the Opinion's conclusion, the Court wrote: "[T]he Caro Parties' motion for judgment on the pleadings is GRANTED with prejudice with respect to every claim except for the claims for breach of contract." *Id*. at 31. Because the Order and Opinion did not address Count Two, Defendants have filed this motion for reconsideration, asking the Court to reconsider the claim.

Federal Rule of Civil Procedure 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). "It is not a 'vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Spin Master*, 2020 WL 5350541, at *1 (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).

Reconsideration is warranted here. Through inadvertence, the Court did not address the unjust enrichment claim in its Opinion and Order. The Court addresses the issue here.

In order to state a claim for unjust enrichment under New York law, a party must allege that: "(1) the other party was enriched; (2) at that party's expense; and (3) that 'it is against

2

equity and good conscience to permit [the other party] to retain what is sought to be recovered.'" *Mandarin Trading Ltd. v. Wildenstein*, 944 N.E.2d 1104, 1110 (N.Y. 2011) (quoting *Citibank, N.A. v. Walker*, 787 N.Y.S.2d 48, 48 (2d Dep't 2004). "[T]he theory of unjust enrichment lies as a quasi-contract claim and contemplates an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties." *Georgia Malone & Co. v. Rieder*, 973 N.E.2d 743, 746 (N.Y. 2012). "Unjust enrichment claims are available 'only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff,' such as when 'the defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled.'" *In re Columbia Tuition Refund Action*, 2021 WL 790638, at *9 (S.D.N.Y. Feb. 26, 2021) (quoting *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012)). Existence of a valid contract precludes a claim for unjust enrichment. *See Ainero Concrete Co. v. N.Y.C. Constr. Auth.*, 308 F. Supp. 2d 164, 179 (S.D.N.Y. 2003) (holding that a claim for unjust enrichment is a "non-contractual, equitable remed[y] that [is] inapplicable if there is an enforceable contract governing the subject matter.") (quoting *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 60 (2d Cir. 1997)); *Valley Juice Ltd., Inc. v. Evian Waters of France, Inc.*, 87 F.3d 604, 610 (2d Cir. 1996) (holding that the existence of an enforceable contract governing a particular subject matter "ordinarily precludes recovery in quasi contract for events arising out of the same subject matter."). Where "there is a bona fide dispute concerning . . . whether the contract covers the dispute in issue," the quasi-contract claim may be pled in the alternative. *Nahabedian v. Intercloud Sys., Inc.*, 2016 WL 155084, at *4 (S.D.N.Y. Jan. 12, 2016).

      The Court concludes that the Bedford Parties have not stated a claim for unjust enrichment, for much the same reasons that it concluded the Bedford Parties had not stated a

claim for breach of contract. The Bedford Parties allege that: (1) the Caro Parties asked Koch to provide services to their customers; (2) the Caro Parties promised to pay Koch specific percentages in return; (3) Koch provided the services; (4) the customers paid the Caro Parties for the services; (5) the Caro Parties accepted and retained the benefits of Koch's services; and (6) it would be unjust for the Caro Parties to retain such compensation.

These allegations are insufficiently specific to state a claim for unjust enrichment. They provide no information with respect to the nature of services that the Caro Parties and the Bedford Parties agreed that the Bedford Parties would provide beyond identifying them as "consulting services," how long the consulting services were to continue or whether they constituted a one-shot conversation or would be part of a continuing relationship. Though the Bedford Parties have identified 35 customers of behalf of whom they provided services, the months in which they were asked by the Caro Parties to provide the services, and the percentage of the compensation they were to receive for the work, the allegations (and therefore presumably the agreement) are entirely vague and indefinite as to the nature, quantity, or character of the services Koch was to provide. In the absence of a claim about what these services were, the complaint does not support a plausible inference that the Caro Parties were unjustly enriched by the provision of these services.

The bare allegation that the Caro Parties requested consulting services and the Bedford Parties provided them also does not support a plausible inference that it would be against good conscience and equity to permit the Caro Parties to retain what the Bedford Parties seek from them.

Because the allegation is not sufficiently specific to support a finding of unjust enrichment, the Bedford Parties' claim for unjust enrichment is dismissed.

## CONCLUSION

For the foregoing reasons, the motion for reconsideration is GRANTED. The Bedford Parties' claim for unjust enrichment is dismissed without prejudice. The Bedford Parties have leave to amend the Amended Counterclaim they filed on May 10, 2021, to the extent that such amended pleading is addressed to the issue of unjust enrichment. The Bedford Parties may file their Amended Counterclaim by June 4, 2021 at 5:00 p.m. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 58.

SO ORDERED.

Dated: May 24, 2021
New York, New York

_____
LEWIS J. LIMAN
United States District Judge